UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| O'NEIL CARRIERE, as the owner *pro hac vice* of his Arrowglass 5.9 Meter Coho and her cargo, engines, tackle, gear, appurtenances, etc. *in rem*, petitioning for exoneration from and/or limitation of liability | CIVIL ACTION<br><br>NO. 18-4026<br><br>SECTION "F" |

ORDER AND REASONS

Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the noticed submission date. No memoranda in opposition to claimants Michael and LaTina Taylor's motion for acceptance of answer and claim in limitation filed after the monition deadline, which was noticed for submission on August 22, 2018, has been submitted.

Accordingly, because the motion is unopposed, and further, it appearing to the Court that the motion has merit,[1] IT IS ORDERED:

---

[1] Supplemental Admiralty Rule F vests the Court with discretion to allow a party to file a claim in a limitation proceeding after the claims bar date has passed. The Fifth Circuit instructs that these considerations inform the Court's discretion in determining

1

that claimants Michael and LaTina Taylor's motion for acceptance of answer and claim in limitation filed after the monition deadline is hereby GRANTED as unopposed.  IT IS ORDERED: that the Clerk of Court file into the record the claimants' answer and claim in limitation.

New Orleans, Louisiana, August 23, 2018

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

whether to allow or refuse late claims: whether the proceeding and pending and undetermined, whether granting the motion will adversely affect the rights of the parties, and the claimant's reasons for the tardy filing.  Golnoy Barge Co. v. M/T Shinoussa, 980 F.2d 349, 351 (5th Cir. 1993).  Each of these equitable considerations weighs in favor of claimants here: the proceeding is pending and undetermined, no party has indicated how their rights might be adversely affected, and the delay resulted from the claimants' attorney's inadvertent (excusable) mistake.